**UNITED STATES of America, Plaintiff,**

v.

**Kevin WALKA, Daniel Winters, Defendants.**

**Crim. A. Nos. 91–88–01, 91–88–02.**

United States District Court, D. Vermont.

Jan. 2, 1992.

---

John P. Tavana, Asst. U.S. Atty., Burlington, Vt., for plaintiff.

Mark D. Oettinger, Bloomberg & Oettinger, Burlington, Vt., for defendant Kevin Walka.

Richard C. Bothfeld, Essex Junction, Vt., for defendant Daniel Winters.

## OPINION AND ORDER

PARKER, Chief Judge.

On August 22, 1991, defendants were indicted with the following counts: (1) using and carrying a firearm during and in relation to a crime of violence on or about April 30, 1991 in violation of 18 U.S.C. §§ 924(c)(1) and (2); (2) violating 18 U.S.C. §§ 2 and 2114 by assaulting a person having lawful charge, custody and control of United States mail matter with the intent to rob such matter, and jeopardizing the life of the person having custody of the mail matter by the use of dangerous weapons; and (3) being felons in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Defendant Winters now moves this court under Fed.R.Crim.P. 12 and 14[1] to sever his case from that of his codefendant, Kevin Walka. Winters makes three arguments as to why severance would be appropriate in this case.

*Winters' Sixth Amendment Right to Confront and Examine Witnesses*

■ First, Winters claims that the Government's use of statements made by Walka to Special Agent James Dobson, which allegedly implicate Winters, would violate Winters' Sixth Amendment right[2] to confront and examine witnesses under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

The Government responds that it will redact any admissions of Walka to the extent they implicate Winters—thereby curing any potential *Bruton* problem. *See Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987); *United States v. Williams*, 936 F.2d 698 (2d Cir.1991). Thus severance is not required in order to protect Winters's Sixth Amendment confrontation rights, and his motion is DENIED as to this ground.

*Conflicting Defenses*

■ Winters' second basis for seeking severance of his case from that of Walka, although contained in one paragraph, should actually be addressed as two distinct arguments. First, Winters notes a potential conflict between the co-defendants' defenses. However, he fails to suggest what his own defense will be, or what defense will be offered by Walka. Because joinder is preferred under the Federal Rules of Criminal Procedure, *United States v. Werner*, 620 F.2d 922, 928 (2d

---

1. Rule 14 of the Federal Rules of Criminal Procedure provides:

   If it appears that a defendant ... is prejudiced by a joinder of offenses or of defendants ..., the court may ... grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

2. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to ... be confronted with the witnesses against him...." U.S. Const. amend. VI.

Cir.1980), "[t]he burden is upon a moving defendant to show facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial." *United States v. Rucker*, 586 F.2d 899, 902 (2d Cir.1978). *See also United States v. Lyles*, 593 F.2d 182, 189–90 (2d Cir.), *cert. denied*, 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979); *United States v. Stirling*, 571 F.2d 708, 733 (2d Cir.), *cert. denied*, 439 U.S. 824, 99 S.Ct. 93, 58 L.Ed.2d 116 (1978). In order to be granted severance on this ground, then, the defendant must demonstrate "that the conflict is so irreconcilable that acceptance of one defendant's defense requires that the testimony offered on behalf of the codefendant be disbelieved." *United States v. Benitez*, 920 F.2d 1080, 1086 (2d Cir.1990) (citations omitted). Because Winters has not yet met his burden of demonstrating a conflict between his defense and that of his codefendant, his motion to sever on this ground must be DENIED.

*Fifth Amendment Right to be Free From Adverse Inferences following Failure to Testify*

■ Winters' third and final justification for his severance motion is actually a Fifth Amendment[3] claim. He insists that severance is required because the introduction of Walka's statements to Special Agent Dobson should Winters choose not to testify at trial could violate his right to be free from adverse inferences that might be drawn from his silence at trial. In support of his contention, Winters cites *De Luna v. United States*, 308 F.2d 140 (5th Cir.1962). In *De Luna*, one of two co-defendants chose to testify; the other refrained from taking the stand. The attorney for the testifying defendant argued to the jury that the other defendant's failure to testify "shrieks of [his] guilt," since "an honest man is not afraid to take the stand and testify." *Id.* at 142–43, 155. The court held that the trial court's failure to disapprove of the attorney's comment amounted to the judge's sufficient sanction of the comment

to properly characterize it as a Fifth Amendment violation. *Id.* at 154.

In the instant case, should Winters choose not to testify, the trial court would prevent Walka's counsel from suggesting that adverse inferences be drawn from Winters' exercise of his Fifth Amendment rights. *De Luna* is inapposite and Winters' motion for severance based on Fifth Amendment grounds is DENIED.

CONCLUSION

None of the arguments raised by defendant Winters mandate a severance of his trial from that of his co-defendant, Walka. Accordingly, Winters' Motion to Sever is DENIED.

It is hereby ORDERED that this case is scheduled as number 1 for trial by jury on Tuesday, January 21, 1992, at 11:00 a.m., with a chamber conference for all counsel at 10:30 a.m.

Counsel shall file any requests for voir dire of the jurors, requests to charge the jury and trial memoranda on or before January 13, 1992.

If there is a change of plea, it must be done on or before January 17, 1992. All exhibits are to be marked prior to trial.

---

**3.** The Fifth Amendment provides that no person "shall be compelled in any Criminal Case to be a witness against himself...." U.S. Const. amend. V.